Patricia Lou **KENNEDY** et al.,
Petitioners,

v.

**BUREAU OF NARCOTICS AND DAN-
GEROUS DRUGS et al., Respondents.**

No. 71–1157.

United States Court of Appeals,
Ninth Circuit.

April 5, 1972.

Rehearing Denied June 21, 1972.

Robert J. Burdett (argued), Robert J. Burdett, Jr., Chicago, Ill., Dale B. Dilts, Albuquerque, N. M., Bruce M. Gleason, Panorama City, Cal., for petitioners.

Harold James Pickerstein (argued), William E. Ryan, Will Wilson, Asst. Atty. Gen., Donald E. Miller, Gen. Counsel, for respondents.

Before MERRILL and HUFSTEDLER, Circuit Judges, and CROCKER,* District Judge.

HUFSTEDLER, Circuit Judge:

The Church of the Awakening, its president, and four church members seek review of an order of the Director of the Bureau of Narcotics and Dangerous Drugs rejecting their petition to amend 21 C.F.R. § 320.3(c) (3) to in-

---

* Honorable M. D. Crocker, United States Judge for the Eastern District of California, sitting by designation.

clude the Church of the Awakening within the exemption accorded the Native American Church for the use of peyote in religious services.[1]

The challenged regulation provides: "The listing of peyote in this subparagraph [2] does not apply to non-drug use in bona fide religious ceremonies of the Native American Church; however, persons supplying the product to the Church are required to register and maintain appropriate records of receipts and disbursements of the article."

Petitioners sought to amend the regulation by adding the words "and of the Church of the Awakening" after the words "Native American Church."

Peyote grows in small buttons on a species of cacti found in parts of Texas and northern Mexico. When the buttons are chewed or brewed into a tea and ingested, the user experiences hallucinations. That effect is produced from the mescaline content of the buttons.

The Native American Church is a religious organization of American Indians drawn from a variety of western tribes. Membership in the church is roughly estimated to be 300,000. Peyote use is central to the religion of the church.[3]

■ The substance of petitioners' primary contention is that section 320.3(c) (3) violates the due process clause of the Fifth Amendment because the regulation creates an arbitrary classification distinguishing between (a) members of the Native American Church who use peyote in bona fide religious ceremonies who are exempt and (b) members of the Church of the

Awakening who use peyote in bona fide religious ceremonies who are not exempt.

For the purpose of our review of the Director's order, the Government concedes that the Church of the Awakening is a valid religious organization and that the use of peyote by the church members is a part of bona fide religious ceremonies of the church. It argues, however, that the classification is not arbitrary, because the members of the Native American Church are Indians who are specially classified for many purposes, including this one, and that peyote is central to the religious rites of the North American Church and not as central to the ceremonies of the Church of the Awakening.

We agree that Indians are classified differently from non-Indians for some purposes. We assume, without deciding, that peyote use is more important to the religious beliefs of the Native American Church than it is to the Church of the Awakening. However, neither of those assumptions makes a constitutional difference unless the distinctions have some rational relationship to the legitimate governmental interest or interests to be served by the challenged regulation.

The sole governmental interest to be served by regulating the use of peyote is the protection of the health of the citizens by controlling the manufacture, sale, and use of dangerous or potentially dangerous drugs.

The Government asserts that peyote is a dangerous drug. We assume for the purpose of this decision that the Government is right. We are nevertheless un-

1. The petition to amend the regulation was filed pursuant to 21 C.F.R. § 316.65.

2. Peyote is designated as an hallucinogenic drug regulated by 21 C.F.R. § 320.2, under authority of the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et seq.

3. The role of peyote in the Native American Church and the history of peyotism are described by the California Supreme Court in People v. Woody

(1964) 61 Cal.2d 716, 40 Cal.Rptr. 69, 394 P.2d 814. The court held that a California penal statute prohibiting the use of peyote could not be constitutionally applied to the ritual use of peyote by the Navajo Indian defendants who were adherents of the Native American Church. In the court's view, the application of the statute to those Indians who belonged to the Native American Church violated freedom of religion as secured by the First Amendment.

able to perceive that any of the distinctions that the Government draws between the members of the Native American Church and the rites of the church and the members of the Church of the Awakening and its rites have any bearing on the legitimate Government end to be served. We cannot say that the Government has a lesser or different interest in protecting the health of Indians than it has in protecting the health of non-Indians. We cannot say that the Government's interest in a church member's health increases or diminishes depending upon whether his ingestion of a dangerous drug is of greater or lesser importance in the religious ceremonies of his church. It follows that the exemption regulation creates an arbitrary classification that cannot withstand substantive due process attack. (Meyer v. Nebraska (1923) 262 U.S. 390, 400, 43 S.Ct. 625, 67 L.Ed. 1042. *See also* Boddie v. Connecticut (1971) 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113; Hurtado v. California (1884) 110 U.S. 516, 532, 4 S.Ct. 111, 28 L.Ed. 232.)

■ Petitioners' effort to expand the regulation to include the Church of the Awakening avoids the classification it has attacked, but it suffers the same constitutional infirmity as the present regulation. As petitioners would amend the regulation, it would create one classification for its church and the Native American Church, both of which would be exempt, and a second, classification for all other churches that use peyote in bona fide religious ceremonies, which would be nonexempt. The new classification fares no better constitutionally than the old one.

The question whether or not the religious use of peyote by the members of any church is protected by the First Amendment is not properly before us. The only issue is the constitutionality of the exemption regulation.

We decline to reach the remaining constitutional contentions because the resolution of the due process issue disposes of the case.

The order is affirmed.

CROCKER, District Judge (concurring).

I concur with the majority that the petition of the Church of the Awakening for exemption for use of Peyote in religious services was properly rejected by the Director of the Bureau of Narcotics and Dangerous Drugs.

21 C.F.R. § 320.3(c) (3) was enacted under the "Police Power" to protect the health, safety and welfare of the citizenry. The Director found, and the majority assumes, that peyote is a dangerous hallucinogenic substance.

It has been strongly propounded that this "police power" will prevail over an individual's right to freely practice his religious beliefs where the practice involves criminal conduct. [see, Leary v. U. S., 383 F.2d 851 (5th Cir. 1967), reversed on other grounds, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57; U. S. v. Kuch, 288 Fed.Supp. 439 (D.C.Dist.Col. 1968); Annot. 35 A.L.R.3d 939].

The court in the *Leary* case set out the applicable test in stating at 383 F.2d p. 859:

"Religious freedom, guaranteed by the Constitution, must be weighed with the public interest and the broad power to legislate vested in Congress by the Constitution. Thus the First Amendment 'embraces two concepts, —freedom to believe and freedom to act. The first is absolute but, in the nature of things, the second cannot be.' The freedom to act is conditional and relative and Congress may prescribe and enforce certain conditions to control conduct which may be contrary to a person's religious beliefs in the interest of the public welfare and protection of society."

The Director concluded from the evidence that the governmental interest

sufficiently outweighed the First Amendment rights of the petitioners. The record substantiates this finding.

In support of their contentions, petitioners cite People v. Woody, 61 Cal.2d 716, 40 Cal.Rptr. 69, 394 P.2d 813 (1964), which involves a unique and extremely restricted exemption to the use of peyote in religious services. This is essentially attributable to the historical roots from which the Native American Church stems. See, U. S. v. Kagama, 118 U.S. 375, 6 S.Ct. 1109 (1886); 25 U.S.C. §§ 1302–03. The Church of the Awakening lacks this historical culture which would bring it within the exemption. Also, in the *Woody* case it was established that:

"Although peyote serves as a sacramental symbol similar to bread and wine in certain Christian churches, it is more than a sacrament. Peyote constitutes in itself an object of worship; prayers are directed to it much as prayers are devoted to the Holy Ghost. On the other hand to use peyote for nonreligious purposes is sacrilegious." (61 Cal.2d page 721, 40 Cal.Rptr. page 73, 394 P.2d page 817)

The founder of the Church of the Awakening, Dr. Aiken, testified that the "mystical experience" sought by practitioners of the church can be achieved more quickly with peyote than with the numerous other methods employed. *Peyote therefore appears to be a means to an end in the realm of the Church of the Awakening, whereas the Indians worship the drug itself.*

Membership in the Native American Church is limited to those of at least one-quarter Indian blood as compared to the Church of the Awakening which requires only that a prospective member convince the governing body of the church that he agrees with the principles of the church.

Thus the exemption granted the Native American Church is reasonable, and denying the exemption to petitioners does not violate their constitutional rights.

The Government's interest in controlling the use of peyote outweighs the infringement upon petitioners' practice of their religion and the order of the Director is affirmed.